# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DESMOND DONTAE LEE, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, FCI FORT DIX, <br><br> Respondent. | Civil Action No. 25-17632 (GC) <br><br> **MEMORANDUM & ORDER** |

Petitioner is a federal prisoner currently incarcerated at FCI Fort Dix, Fort Dix MDL, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus (Petition) pursuant to 28 U.S.C. § 2241 (§ 2241). (ECF No. 1.)

Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L. Civ. R. 81.2(a). Petitioner did not use the habeas form supplied by the Clerk for § 2241 petitions, *i.e.*, AO 242 (12/11) Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.

Furthermore, when he submitted his Petition, Petitioner did not submit the five-dollar filing fee for a habeas petition, *see* 28 U.S.C. § 1914(a). In his Petition, he requests leave to proceed *in forma pauperis* in his Petition. (ECF No. 1 at 6-7.) According to Petitioner, he has no job, income or assets, and BOP staff have refused to provide his inmate account statement. (*Id.* at 6.) However, Local Civil Rule 81.2(b) states in relevant part:

> [T]he prisoner shall also submit an affidavit setting forth information which establishes that the prisoner is unable to pay the fees and costs of the proceedings and shall further submit a

> certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's prison account during the six-month period prior to the date of the certification. The affidavit and certification shall be in the forms attached to and made a part of these Rules as Appendix P.

L. Civ. R. 81.2(b). Petitioner did not use the prescribed form, *i.e.* blank form DNJ-Pro Se-007-B-(Rev. 09/09). Furthermore, to the extent that Petitioner may allege that BOP staff refuse to provide the required certification under Local Civil Rule 81.2(b), Petitioner shall submit evidence, such as a separate affidavit or declaration under penalty of perjury, in support of such claim.

IT IS, therefore, on this 4th day of December, 2025, **ORDERED** as follows:

**ORDERED** that the Clerk of the Court shall administratively terminate this case, without filing the Petition; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs . . . ."); and it is further

**ORDERED** that the Clerk of the Court shall forward to Petitioner a blank § 2241 form—AO 242 (12/11) Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241—as well as a blank form DNJ-Pro Se-007-B-(Rev. 09/09) by regular U.S. mail; and it is further

**ORDERED** that the Clerk of the Court's service of the blank § 2241 form shall not be construed as this Court's finding that the petition is or is not timely, that the Petitioner's claims are or are not unexhausted, or that his claims are or are not procedurally defaulted; and it is further

2

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in a writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608, within thirty (30) days of the date of entry of this Memorandum and Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form; and either (i) a complete, signed IFP application on the prescribed form— together with the certification by an authorized official required under Local Civil Rule 81.2(b), or evidence to support Petitioner's claim that BOP staff refused to sign the requisite certification; or (ii) the five-dollar filing fee; and it is further

**ORDERED** that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, and either (i) an IFP application on the prescribed form—together with the requisite certification by an authorized official under Local Civil Rule 81.2(b), or evidence to support Petitioner's claim that BOP staff refused to sign the requisite certification; or (ii) the five-dollar filing fee;, the Clerk of the Court will be directed to reopen this case; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

GEORGETTE CASTNER
United States District Judge

3